**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **SRINATH KAMINENI,** | **CASE NO. 5:26-cv-16-KKC** |
| **Plaintiff,** | |
| **v.** | **ORDER & OPINION** |
| **UNIVERSITY OF KENTUCKY,** *et al.*, | |
| **Defendant.** | |

This matter is before the Court on the Motion to Remand (R. 3) filed by Plaintiff Dr. Srinath Kamineni. This is a close call, but the defendants have the burden of establishing this Court's jurisdiction, and all doubts must be resolved in favor of remand. With that in mind, the Court will grant the motion.

Dr. Kamineni originally filed this action in Fayette Circuit Court. In their notice of removal, the Defendants assert that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, which grants federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This is commonly referred to as "federal question jurisdiction." Defendants argue that Dr. Kamineni asserts a claim under the Due Process Clause of the U.S. Constitution. In his Motion to Remand, Kamineni denies that he asserts any such claim.

"The defendant has the burden of establishing that removal is proper." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). If there is any doubt as to the right of removal, that doubt should be resolved in favor of remand to the state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* This Court has federal question jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27-28 (1983).

Dr. Kamineni alleges that he is a medical doctor specializing in orthopedic surgery. He is of Indian descent. In 2009, he was hired by the University of Kentucky ("UK") as an associate professor. He filed a discrimination claim against UK in 2022 in state court. He asserts that he and UK entered into two agreements after he filed the 2022 claim. The first was a Remediation Agreement the parties entered into in July 2025. The second was a Settlement Agreement, which resolved all claims asserted in the 2022 action. Pursuant to the Settlement Agreement, Dr. Kamineni agreed to resign from UK effective December 31, 2025.

He asserts that, after signing the Settlement Agreement, UK continued to discriminate against him and that it retaliated against him for asserting the 2022 claim. He alleges that the "ongoing retaliatory and discriminatory behavior ultimately culminated in a December 18, 2025 'Notice of Proposed Action' against Dr. Kamineni seeking to revoke his hospital privileges despite the University's promise and assurance to reflect that Dr. Kamineni voluntarily resigned from employment." (R. 1-2 Complaint CM-ECF p. 139-30 ¶ 21.)

2

Dr. Kamineni asserts eight claims against UK and three individuals who he alleges were UK representatives. (*Id.* at CM-ECF p. 137 ¶ 12.) The first seven of those claims are undisputedly state law claims. Five of those claims are straightforward: discrimination and retaliation in violation of the Kentucky Civil Rights Act, KRS 344.010 *et seq*. (Counts I and II); Intentional Infliction of Emotional Distress (Count III), fraud (Count IV), and defamation (Count VI).

The nature of two of the state law claims is less clear. What is important for this motion, however, is that both counts are also undisputedly based on state law. The first of those is captioned as a claim for "Retaliation/Constructive Discharge" (Count V). Here, Dr. Kamineni alleges that UK's conduct constitutes "a retaliatory and/or constructive discharge of Plaintiff." (*Id.* at CM-ECF p. 151 ¶ 72.) Dr. Kamineni states that this conduct violated "public policy, Plaintiff's contract of employment, State Whistleblower Protection, Kentucky's Medical Whistleblower Statute, and Kentucky's Civil Rights Act . . . ." (*Id.*) In addition, with this claim, Dr. Kamineni alleges that the Individual Defendants have engaged in "an abuse of office" in violation of KRS 522.010, *et seq*., which is a state statute that prohibits such conduct.  (*Id.*)

The final undisputedly state law claim is a claim for "Abuse of Process, and Wrongful Use of Administrative Proceedings." (*Id.* at CM-ECF p. 154.) Here, Dr. Kamineni alleges that the Defendants "summarily sought revocation of Plaintiff's hospital privileges, without adherence to its own Bylaws, Administrative Regulations, the prior litigation, or the parties' October 15, 2025 Agreement." (*Id.* at CM-ECF p. 154 ¶ 85.)

In these seven claims, Plaintiff does not mention any federal law or right. Defendants do not argue that any of these claims provide the Court with federal question jurisdiction.

The Notice of Removal is based entirely on the eighth and final count in the complaint, which seeks declaratory and injunctive relief against UK. Defendants argue that, with this claim, Dr. Kamineni alleges that UK has violated his rights to due process under the U.S. Constitution.

As to whether federal law creates the cause of action in Count VIII, Dr. Kamineni argues that he asserts a violation of his due process rights under only the Kentucky state constitution. The complaint mentions federal due process twice. It states that "Federal due process considerations supplement state law requirements." (*Id*. at CM-ECF p. 135, ¶ 118.) It further states that the makeup of the hearing panel for the revocation of Dr. Kamineni's hospital privileges violated "Kentucky Revised Statutes Chapter 13 B, Federal due process standards, and Kentucky Supreme Court precedent." (Id. at CM-ECF p. 168, ¶ 113.) "A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action" or simply supports a state claim. *Warthman v. Genoa Twp. Bd. of Trs*., 549 F.3d 1055, 1064 (6th Cir. 2008) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

Here, the complaint starts with a section titled, "Nature of Action." (R. 1-2 Complaint, CM-ECF p. 135 ¶ 1.) This section mentions only state law claims, namely Dr. Kamineni's claims for unlawful employment practices under the Kentucky Civil Rights Act and his state law tort claims. It does not mention any federal constitutional claims. As discussed, Defendants' argument focuses only on Count VIII; the rest of the complaint undisputedly asserts only state law claims.

Defendants argue that plaintiffs have no private right of action to enforce Kentucky's Constitution, but that is not correct. Plaintiffs may seek declaratory and injunctive relief for a violation of due process under both the U.S. and Kentucky Constitutions. *Schell v. Young*, 640 S.W.3d 24, 41-42 (Ky. Ct. App. 2021) ("Other precedent unequivocally holds that declaratory

relief is available in cases involving alleged violations of our state Constitution.") In *Schell*, the court determined plaintiffs may sue for declaratory relief for violations of Section 2, which contains the state's due process guarantee. *Id*. This is precisely the kind of claim that Dr. Kamineni asserts here. *Id*.

To assert a claim under the U.S. Constitution against state officials, however, the plaintiffs must do so under 42 U.S.C. § 1983. *Accord v. Anderson Cnty., Tennessee*, No. 22-5206, 2022 WL 16825411, at *5 (6th Cir. Nov. 8, 2022) (citing cases). Dr. Kamineni's complaint does not mention § 1983. "The omission of a reference to § 1983 in a carefully drafted complaint filed by a plaintiff represented by counsel should have provided the [defendant] with notice that [the plaintiff's] reference to the Due Process Clause was not intended to raise a federal cause of action." *Warthman*, 549 F.3d at 1063.

In arguing that the complaint asserts a claim under the U.S. Constitution, the Defendants point to Dr. Kamineni's Motion for Temporary Restraining Order (R. 5), which he filed in this Court a few days after filing the Motion to Remand. In the motion for a TRO, in arguing that he is likely to prevail on his due process claim, Dr. Kamineni cites § 1983 and references his due process rights under "both Federal and Kentucky law." (R. 5 Mem. 17.) The motion does not, however, alter this Court's determination that the complaint should not be construed to assert a federal claim. First, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Likewise, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l., Inc*., 392 F.3d 195, 210 (6th Cir.2004).

Second, to the extent that the Court can use other pleadings to resolve the claims presented on the face of the complaint, the TRO motion sheds little light on that issue. In order for this Court

to exercise jurisdiction over this action and issue a TRO, the Court must find that the complaint asserts a federal constitutional claim. The Court would have to make that finding prior to resolving the TRO motion. Thus, it makes sense that, in his TRO motion, Dr. Kamineni proceeded as if the Court had determined that the complaint did indeed assert a federal claim. The TRO motion merely characterizes the claim in the same manner the Court would have had to characterize it in order to exercise jurisdiction over the motion.

Given the Defendants' burden to establish this Cout's jurisdiction and that all doubts must be resolved in favor of remand, the Court declines to construe Count VIII to assert a claim under the U.S. Constitution.

In addition to finding that federal law creates a cause of action in the complaint, this Court may also exercise jurisdiction over this action if Dr. Kamineni's right to relief on Count VIII "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 27-28. This doctrine permits federal jurisdiction over a state law claim if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Where all four of these requirements are met," federal jurisdiction is proper. *Id*. But the Sixth Circuit has made clear that a "slim category" of cases meet these requirements and that this doctrine is to be "read narrowly." *Est. of Cornell v. Bayview Loan Servicing, LLC,* 908 F.3d 1008, 1014 (6th Cir. 2018) (citations omitted).

Here, the Court need look no further than the first requirement. In arguing that Count VIII necessarily raises a federal issue, Defendants continue to argue that it asserts a claim under the U.S. Constitution. For the reasons stated, the Court has declined to construe the complaint in that manner.

6

Finally, Defendants argue that the Court should find jurisdiction under an exception to the well-pleaded complaint rule known as the "artful-pleading doctrine," pursuant to which "a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007). "A defendant raising this doctrine may not rely on facts not alleged in the complaint." *Id*.

The doctrine does not apply whenever it is merely possible to construe a state-law claim as a federal claim. *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 532 (6th Cir. 2010). "Rather, the artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim, or perhaps . . . where federal issues necessarily must be resolved to address the state law causes of action." *Id*. Defendants do not argue that federal due process law completely preempts Dr. Kamineni's state due process claim. And as discussed, the state due process claim does not require the Court to resolve any federal issues.

Accordingly, the Court will grant the motion to remand. As stated, however, this is a close call. Accordingly, Dr. Kamineni's motion for attorney's fees under 28 U.S.C. §1447(c) will be denied. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. For all the reasons stated, it was not objectively unreasonable for the Defendants to construe Dr. Kamineni's complaint to assert a federal due process claim.

For all these reasons, the Court hereby ORDERS as follows:

1) The Motion to Remand (R. 3) is GRANTED;

7

2)  The Motion for Attorney Fees (R. 3) is DENIED;

3)  The Motion to Dismiss (R. 8) is DENIED as MOOT; and

4)  This Matter is REMANDED to Fayette Circuit Court.

This 20th day of March, 2026.

Signed By:

*Karen K. Caldwell*

**United States District Judge**